UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ERIC J. MAPES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 4:26-CV-15-PPS-JEM |
| | ) |
| HOME DEPOT, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Pro se Plaintiff, Eric J. Mapes, filed a complaint against a number of defendants based on an incident where he ordered a stove from Home Depot, and the delivery agency informed him it could not complete delivery and installation because there was a problem with his gas valve. Mapes, a serial litigant who alleges he is legally disabled from a neurological voice disorder, claims this incident constitutes a violation of the Americans with Disabilities Act ("ADA").

Defendants Ted Decker (Home Depot's CEO) and Teresa Wynn Roseborough (Home Depot's General Counsel), have filed a motion for judgment on the pleadings. [DE 83.] The motion is successful as Mapes has not plausibly pleaded any claim against Decker and Roseborough - they were not even involved in the facts that gave rise to this case.

### Factual Background

This case started in state court. [DE 5.] Defendant Home Depot removed the case

to this court pursuant to federal question jurisdiction. [DE 1.] As I mentioned before, Mapes has sued a number of defendants.  Defendants Ted Decker and Teresa Roseborough filed the instant motion on January 28, 2026[1]. [DE 83.]  On March 24, 2026, after this motion had been pending several months, Magistrate Judge John Martin extended Mapes' time to respond to this motion for judgment on the pleadings up until April 10, 2026, and warned Mapes if he did not respond by that date, the motion may be ruled on summarily under Northern District of Indiana Local Rule 7-1(d)(5). [DE 99.] To date, Mapes has not filed a response.  Therefore, this motion will be ruled on summarily.

Taking the facts alleged in Plaintiff's complaint as true, Plaintiff ordered a stove from Home Depot through its website because his stove broke. [Compl., DE 5 ¶¶ 6–7.] Plaintiff paid for delivery, installation, and removal of his old stove and claims that was guaranteed to occur on February 18, 2025. [*Id.* ¶ 8.]  Shortly before delivery of the new stove, Plaintiff disconnected his old "bad" stove and moved it outside. [*Id.* ¶ 7.]  When the delivery agency arrived around 8:30 a.m. on February 18, 2025, Mapes instructed them where to install the new stove. [*Id.* ¶ 9.]  The delivery driver (whom Mapes claims was not carrying a valid plumbing license) evaluated the stove gas valve in Plaintiff's home and thereafter refused to install or complete delivery of the new stove. [*Id.* ¶¶ 10–11.] The delivery agency then reloaded the new stove and left around 8:43 a.m. without removing Plaintiff's old stove. [*Id.* ¶ 11.]

---

[1] Defendants Home Depot, Sonya Finley, Chelsea, and Store Managers filed a separate motion for judgment on the pleadings on March 26, 2026. [DE 101.]  That motion remains pending.

Within the next hour, Plaintiff contacted a variety of Home Depot related personnel.  Plaintiff contacted the manager of the Lafayette, Indiana Home Depot store, who he alleges refused to solve the problem and relied on the delivery agency's assessment. [*Id.* ¶ 13; Ex. 1, DE 83-2, at 9.[2]]  Plaintiff further alleges that he sent emails to Mr. Decker and Ms. Roseborough alleging that the delivery agency discriminated against him based on his disabilities and stole his property. [DE 5 ¶¶ 14–15; Ex. 1 at 3–9.]  He next engaged in an email exchange with Defendant Finley, in which she confirmed that "the [d]elivery [a]gency . . . advised that the range was not installed due to the on-site gas shut-off valve being compromised." [DE 5 ¶ 17; Ex. 1 at 10.]  She further confirmed that the delivery agency informed Plaintiff that "they'd need to arrange to have [the] plumber come out to replace the shut-off valve and install the appliance." [DE 5 ¶ 17; Ex. 1 at 10.]  She explained that the delivery agency did not remove Plaintiff's old stove "because appliances purchased at The Home Depot have a 48-hour return period[,] and [the delivery agency] didn't want the returnable timeframe to pass before [Plaintiff was] able to confirm that the range worked." [Ex. 1 at 10.]  Furthermore, "[t]he plumber's schedule is sometimes booked up 3-4 days ahead of time, so [the delivery agency] couldn't guarantee that

---

[2] Exhibit 1 [DE 83-2] contains e-mails Plaintiff incorporates by reference in his complaint and is an excerpt of an exhibit Mapes filed with his now-dismissed petition for writ of mandamus before the Seventh Circuit.  *See In re: Eric Joshua Mapes*, No. 25-3200 (7th Cir. December 30, 2025) (see docket entry seven).  Because Plaintiff incorporates these emails by reference, this Court can consider them.  *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017) (on a motion for judgment on the pleadings, the court "may take into consideration documents incorporated by reference to the pleadings" and "may also take judicial notice of matters of public record.").

the installation would have been completed within 48 hours of the delivery." *Id.* Lastly, she detailed that a dispatcher, the manager of the delivery agency, and a plumber all attempted to schedule the necessary repair of the gas valve but were unable to do so because of Plaintiff's behavior. *Id.*  The delivery agency then made the decision to cancel the order and refund plaintiff's payment. *Id.*

In response, Plaintiff filed this lawsuit.  He alleges that Defendant Finley's email, not any conduct by Mr. Decker or Ms. Roseborough, demonstrates that "she is showing subjecting me to discrimination and using my disability characteristics to justify denial of services and goods and justification of the refusal of delivery leaving us without a working range and refusing to give us the working range we purchased on the day of delivery." [DE 5 ¶ 19.]  On this basis, Plaintiff alleges that all of the defendants have "now shown refusing services on the direct basis of my actual disabilities." [*Id.* ¶ 20.]  Mr. Decker and Ms. Roseborough answered Plaintiff's complaint, rejecting Plaintiff's legal conclusions. [DE 70 ¶¶ 14–15.]  Mapes states one claim for violation of Title III of the ADA, and requests declaratory relief as well as compensatory damages including damages for emotional distress, discrimination, and fraud, and punitive damages. [DE 5 at 5, 12.]

Circling back to the allegations in the complaint for a minute - the only two allegations in the complaint that relate to the instant Defendants are as follows: "[a]fter being subjected to this fraudulent activity I sent a formal notice (protected under 28 C.F.R. 36.206) to Ted Decker regarding the violations of Title III of the ADA." [DE 5 ¶ 14.]  And, "I also forwarded this Notice to Teresa Wynn Roseborough, where I

understand the General Counsel or any attorney for that matter can not advise or assist their clients in violations of the law." [*Id.* ¶ 15.]

### Discussion

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) "is reviewed under the same standard as a motion to dismiss under 12(b) . . . ." *Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir. 1997); *see also R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Eng'rs, Local Union 150*, 335 F.3d 643, 647 (7th Cir. 2003). Where a party moves for judgment on the pleadings, "the motion should not be granted unless it appears beyond doubt that the non-moving party cannot prove facts sufficient to support his position." *Housing Auth. Risk Retention Group, Inc. v. Chicago Housing Auth.*, 378 F.3d 596, 600 (7th Cir. 2004) (quotation omitted).

In ruling on a motion for judgment on the pleadings, the court must accept as true "all well-pleaded allegations" and view them in the light most favorable to the nonmoving party, as well as accept as true all reasonable inferences to be drawn from the allegations. *R.J. Corman*, 335 F.3d at 647; *see also Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

A document filed *pro se* is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mapes' complaint asserts a single cause of action under the ADA. "Title III of the ADA prohibits discrimination on the basis of disability in places of public

accommodation." *Scherr v. Marriott Int'l*, 703 F.3d 1069, 1076 (7th Cir. 2013). "A prima facie case under Title III of the ADA consists of three elements: (1) the plaintiff was disabled within the meaning of the ADA; (2) the defendant owned, leased, or operated a place of public accommodation; and (3) the plaintiff was discriminated against on the basis of his or her disability." *Stewart v. Parkview Hosp., Inc.*, No. 1:16-CV-138-TLS, 2017 WL 4764349, *2 (N.D. Ind. Oct. 20, 2017). The statute requires discrimination against individuals "by reason of" the disability, or "on the basis of" the disability. *A.H. by Holzmueller v. Illinois High Sch. Ass'n*, 881 F.3d 587, 593 (7th Cir. 2018). Thus, Mapes must establish that "'but for' his disability, he would have been able to access the services or benefits desired." *Id.*

There are a number of problems with Mapes' complaint which I do not need to go into because fatally, Mapes has completely failed to allege that Decker and Roseborough discriminated against Mapes on the basis of his disability. As I mentioned before, the only allegations against these defendants are that Mapes sent a formal notice to Ted Decker regarding the violations of the ADA and also that he forwarded the notice to Teresa Wynn Roseborough, who he understood was the general counsel. [DE 5 ¶¶ 14, 15.] These are statements of what Mapes did (certainly not assertions of fact about how these individuals allegedly discriminated against Mapes on the basis of his disability). The incorporated e-mails also do not mention any factual assertions about how these two defendants, Decker and Roseborough, allegedly discriminated against him because of his disability. At base, none of the allegations of disability discrimination relate whatsoever to Decker and Roseborough. As such, the motion for

6

judgment on the pleadings is granted.

Last, I recognize that the Seventh Circuit has instructed when a plaintiff's complaint (or claims) are dismissed under Rule 12(b)(6) the general rule is to give at least one opportunity to amend the complaint before the action is dismissed. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015). While this court typically allows plaintiffs the opportunity to replead, *see Luevano v. Wal-Mart Stores, Inc*, 722 F.3d 1014, 1022 (7th Cir. 2013), it seems futile in this case. At base, Mr. Mapes seems upset that his new stove could not be connected to the gas valve in his residence, but there do not seem to be any articulable claims about how a routine Home Depot delivery can instead be transformed into discriminating against Mapes on the basis of his alleged disability, in violation of the ADA.

### Conclusion

For the aforementioned reasons, Defendants Ted Decker and Teresa Wynn Roseborough's motion for judgment on the pleadings [DE 83] is GRANTED. The claims against Defendants Ted Decker and Teresa Wynn Roseborough are DISMISSED WITH PREJUDICE.

This case REMAINS pending against the other defendants.

ENTERED: May 5, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT